[819 NYS2d 526]

In the Matter of WILLIAM P. DISALVATORE (Admitted as WILLIAM PAUL DISALVATORE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 10, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Sherry K. Cohen* of counsel), for petitioner.

*Hinshaw & Culberterson LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent William P. DiSalvatore was admitted to the practice of law in the State of New York by the Second Judicial Department on March 25, 1992. At all times relevant herein, respondent maintained an office for the practice of law within this Department as a member of the firm of Hale and Dorr LLP.

In March 2006, in a response to a disclosure of various acts of professional misconduct from the firm of Wilmer Cutler Pickering Hale and Dorr LLP, with which the firm of Hale and Dorr had merged, the Departmental Disciplinary Committee opened a sua sponte investigation against respondent. It was alleged that respondent was guilty of making affirmative misrepresentations to the firm in connection with his request for and receipt of reimbursement for various expenses, submitting false and fictitious letters and billings in connection with certain so-called pro bono clients, forging clients' names on firm correspondence and making other misrepresentations to clients and lawyers. Shortly thereafter, respondent advised the Committee that he wished to resign in accordance with 22 NYCRR 603.11 and thereafter submitted his affidavit of resignation.

He states that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress and that he is fully aware of the implications of submitting his resignation. Respondent details his alleged misconduct and acknowledges the pending disciplinary investigation. He states that if charges were predicated on the misconduct under investigation, he could not successfully defend himself on the merits against them. He also states that he has resigned from the firm, has ceased practicing law and is seeking nonlegal employment.

The Disciplinary Committee moves for an order accepting respondent's affidavit of resignation. In light of the foregoing and since the affidavit fully complies with Rules of this Court (22 NYCRR) § 603.11, the motion should be granted and respondent's name should be stricken from the roll of attorneys.

BUCKLEY, P.J., SULLIVAN, WILLIAMS, CATTERSON and McGUIRE, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 16, 2006.